YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* HELENA WHOLESALE GROCERY COMPANY.

Opinion delivered June 7, 1920.

1. PLEADING—AMENDMENT OF EXHIBIT—CHANGE OF CAUSE OF ACTION. —In an action against a railroad company for damage to a shipment, where plaintiff was allowed to strike out the word "to" from an exhibit stating an account of the damaged goods and to insert the word "for," so that the exhibit read "sold for" the railroad, instead of "sold to," there was no amendment changing the cause of action from the one stated in the complaint.

2. CARRIER—LIABILITY FOR DAMAGE TO SHIPMENT.—Where a railroad company's claim department advised its local agent that a certain consignee could not abandon a damaged shipment, and directed the agent to have the consignee take and handle the shipment to the best advantage, and to submit a claim for damages, the railroad company will be held to have admitted its liability, leaving to the agent to determine the amount thereof.

Appeal from Phillips Circuit Court; *J. M. Jackson,* Judge; affirmed.

*Fink & Dinning,* for appellant.

1. Plaintiff was permitted to recover upon a cause of action entirely different from the one stated in the complaint. The rule as to amendments, so as to correspond to the testimony, does not apply, as plaintiff's witnesses testify that no goods were sold, and if sold

they were of no value.  75 Ark. 465; 102 *Id.* 20; 109 *Id.*
206, 217-18.  The amendment was improper.  67 **Ark.**
142; 124 *Id.* 229.

2.    Station agents have no authority to adjust claims
against railroads for loss or damage to property.  10
C. J. 220.  If the station had authority and had paid like
claims before, there is no testimony to show that any
superior officer had any knowledge that Howell had ever
agreed to pay or adjust any claim for damage or loss,
nor any that the station agent had ever made any such
alleged agreements with other shippers.  95 Ark. 558;
-59 *Id.* 395.  There was no consideration for such an
agreement if the agent had authority to bind the defend-
ant.  Appellee had no right to reject the car.  99 Ark.
568; 90 *Id.* 524; 44 *Id.* 439.  The consignee was bound to
accept the shipment.  3 Hutch. on Car. (3 ed.), § 1363; 6
Thompson on Negl., § 72555; 15 S. W. 502; 22 N. W. 831.

*R. B. Campbell* and *Sam Latkin,* for appellee.

1.    The amendment to the exhibits was properly
allowed.  Kirby's Digest, §§ 6140-8; 124 Ark. 232; 103
*Id.* 83; 104 *Id.* 276; 75 *Id.* 469.

2.    The peremptory instruction was properly denied.
There was no evidence to support it.  89 Ark. 368; 96
*Id.* 451.  As to the actual authority of a local agent, see
41 Pa. Sup. Ct. 141-4; 10 C. J. 221.

3.    There was a consideration to support the agree-
ment in this case.  50 N. W. 891.  The following decisions
control this:  43 Ark. 172; 10 *Id.* 585.  The verdict is
supported by the evidence, and there are no errors of law.

SMITH, J.  The complaint in this case consists of
two counts, in each of which damages to a car of potatoes
were claimed.  The Helena Wholesale Grocery Company,
appellee here, was the plaintiff below and was the con-
signee in both shipments.  There was an exhibit to each
count of the complaint, and they are identical in form ex-
cept as to dates and amounts.  ''Exhibit A'' reads as fol-
lows:

"Helena, Ark., 5/25/16.

"Sold (to) for Y. & M. V. Railroad:

| Articles. | Weight. | Price. | |
|---|---|---|---|
| 65 bags of potatoes hauled to dump | 162½ | 1.09 | 177.12 |
| To labor overhauling 175 bags | 175 | 10 . | 17.50 |
| | | | 194.62 |

Car No. 23818. Initial Soo."

Over the objection of appellant, appellee was allowed to strike out the word "to" and insert the word "for" so that, as a result of that amendment, the exhibit was made to read "sold for" the railroad, instead of "sold to" the railroad. Appellant insists that this amendment changed the nature of the cause of action and permitted a recovery upon a cause of action that was entirely different from the one stated in the complaint. We think, however, that the change was, in fact, an unimportant one, as it is apparent that, without reference to the amendment, the sum sought to be recovered is the damage to a shipment of two cars of potatoes.

The testimony is chiefly directed to the second car, although, according to the testimony offered on appellee's behalf, the two cars were handled under the same direction from a Mr. Howell, who was appellant's agent at Helena, the place of delivery of the two shipments.

The amount of damages appears to be undisputed, and the jury returned a verdict on each count for the sum sued for.

As to the first car, it may be said that, according to the testimony on appellee's behalf, Mr. Howell directed appellee to take charge of that car and dispose of the potatoes to the best advantage, and to present a claim for the damage, and that this was done.

The instructions to the jury authorized a finding for appellee for both cars, provided there was a finding that the agent of the railroad company had authorized appellee to dispose of the potatoes and that the railroad com-

pany's agent was authorized to make that settlement. The railroad company asked no instruction except one directing a verdict in its favor, and, while the testimony is conflicting both as to the agent's authority and as to his directions to appellee, concerning the shipments, the testimony is legally sufficient to show that the agent possessed the necessary authority and that he exercised it.

It is insisted, however, that as to the second car the jury was not warranted in finding that the agent had made a settlement in regard thereto, for the reason that the undisputed testimony shows that this settlement was made pursuant to a telegram from the General Claims Department at Chicago.

It appears that Mr. White, the president of the grocery company, refused to receive this second shipment, whereupon Mr. Howell wired the claims department in Chicago for instructions, and, in response, received the following telegram:

"Exchange wires date, ART 10763, potatoes, consignee can't legally abandon shipment, have him take, handle best advantage, submit a claim, wire delivery."

When shown this telegram, White stated that he would handle the car of potatoes, but that he would do so for the railroad company.

We agree with appellant that, whatever may have been the authority of Howell in regard to other shipments, this telegram defined his authority in regard to this second shipment. White admits that he saw this telegram, and he must therefore be held to have known that it measured and defined Howell's authority, so far as that shipment was concerned, but it does not follow, on that account, that the judgment as to the second car must be reversed.

The telegram set out above was sent in response to one advising the claims department of the damaged condition of the shipment and of the consignee's refusal to receive it. The purpose of the telegram from the claims department was to insist that appellee could not legally abandon the shipment, but it did not deny liability for

the damage then existing. Upon the contrary, the telegram, fairly interpreted, concedes liability and expresses a purpose to discharge it. The consignee was directed to handle the shipment to the best advantage and to submit a claim for such damages as could not be avoided.

This direction to submit a claim would appear to indicate that the railroad company was not questioning its liability for the damages, but desired to investigate only the extent of that liability, and, as we have said, the testimony is undisputed as to the amount of damage. So that if, as we have concluded, the telegram, set out above, assumed liability and agreed to pay it, and the extent of this liability is undisputed, it is unimportant to determine whether the instructions given were applicable to the second car, as well as to the first one.

We conclude, therefore, that there is no error in the record, and the judgment is affirmed.